

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. M. Law
President, Board of Directors
Agricultural & Mechanical College of Texas
First National Bank
Houston, Texas

Dear Sir:

Opinion No. O-1433
Re: Can the Board of Directors
lawfully continue to pay the Vice-
President and Dean of A.&M. College
a salary of $8,000?

We are in receipt of your letter of September 11, 1939, in which you request our opinion as to the maximum salary authorized to be paid to the Vice-President of A. & M. College.

House Bill 255, Acts 46th Legislature, itemizes the salaries for A.& M. College in part as follows:

|  |  | "For the Years Ending | |
|---|---|---|---|
|  |  | August 31, 1940 | August 31, 1941 |
| "Salaries, State's part: | | | |
| (Nine months except as indicated) | | | |
| Instruction | | | |
| Dean of College | | | |
| "1. Dean of the college, vice president and professor | | $5,500.00 | $5,500.00 |
| . . . | | | |
| School of Agriculture | | | |
| "4. Dean of School of agriculture and professor | | $5,500.00 | $5,500.00 |
| . . . | | | |
| Administration | | | |
| (Twelve months except as noted) | | | |
| 362 President | | $8,000.00 | $8,000.00 |
| 363 Vice-President and executive assistant | | $5,500.00 | $5,500.00 |
| 364 Secretary to the President | | $2,000.00 | $2,000.00 |
| Registrar's Office | | | |
| 365 Registrar | | $4,000.00 | $4,000.00" |

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. F. M. Law, Page 2.

The foregoing itemized salaries are payable out of the General Revenue Fund of the State.

You state in your letter that in addition to the above appropriations out of the GeneralRevenue Fund the President's salary is supplemented out of local funds by the Board of Directors so that his total annual salary is $12,000.00. The Board of Directors also supplements the salaries of other employees and you desire to be advised whether the Vice-President's salary may be supplemented so as to equal not more than 80% of $12,000.00, or whether it is limited to 80% of $8,000.00 which is the General Revenue Fund appropriation for the President.

The following provisions appear in the Educational Appropriation Bill, H. B. No. 255, Acts 46th Legislature:

"The expenditure of the appropriations herein made and authorized whether from the State General Revenue Fund, local institutional funds or any other receipts and funds whatsoever, except bequests and gifts, shall be subject to the following provisions: . . .

"Subsection (2) Salary Provisions. No salary appropriated herein shall be supplemented out of student fee funds, dormitory funds, or local funds, except out of the Pure Feed Fund at the Agricultural and Mechanical College or out of funds received from the United States Government or its agencies, unless so ordered by the governing board of the institution to which such salary or salaries apply, at a regular meeting with at least a majority of the members of such board present, and such order shall be entered in the minutes of the proceedings of said board and shall set forth fully the reasons therefor. No full time instructional salary as itemized herein shall be adjusted to exceed an amount above the maximum full professor's salary as herein itemized to be appropriated from the General Revenue Fund of the State for the particular institution to which said salary or salaries apply, unless the maximum salary is being received, in which case such adjustment may be made not to exceed ten per cent above such maximum salary so received. It is further provided that compensation for correspondence and/or extension teaching as provided herein and compensation from bequests and gifts, unless so limited by the donor, shall be excluded from the salary limitations of this paragraph. The rate of the salary paid an employee of any institution named herein for services during a summer session shall not exceed the salary rate paid the employee for the same or similar services during the long session of that institution. . ."

"Subsection (16). The Board of Regents of the University of Texas and the Board of Directors of A. & M. College of Texas are hereby expressly authorized to create a position of vice-president in each of said institutions, if in the opinion of said Boards it is advisable to create said position, and fix the salary for same out of local institutional funds at not exceeding eighty (80%) per cent of the salary authorized herein for the president of said respective institutions."

Authority for the creation of the office of Vice-President is found in the General Laws, in Article 2613, R.C.S., 1925, which reads in part as follows:

"The Board of Directors is charged with the duties and empowered to do and perform the acts hereinafter set forth as follows:

"1. The board shall, when necessary, appoint the president and professors of the college and such other officers as, from time to time, they may think proper to keep the college in successful operation, and may from time to time abolish any office that is in their judgment unnecessary."

Clearly it is contemplated that General Fund appropriations for salaries may be supplemented from local funds upon the properly exercised authority of the governing board. The question resolves itself into a determination of what the phrase "salary authorized herein," as used in Subsection (16) means. It will be noted that the bill does not limit the amount to 80% of the salary itemized therein for the President; the limitation is 80% of the amount authorized. What salary does this appropriation bill authorize for the President of A. & M. College?

First, it authorizes $8,000.00 of his salary as the State's part, to be paid out of the General Revenue fund. But that is only a part of the salary authorized to be paid the President. The bill further authorizes the governing board to supplement his salary out of local funds in an amount to be determined by the board. It could not be successfully contended that the governing board is not authorized to fix an additional amount out of local institutional funds. The President's total salary when so fixed is clearly authorized by H. B. No. 225 to the extent of the full amount paid. If the bill authorizes the governing board to pay the President $12,000.00, then it would follow that it is authorized to pay the Vice-President not to exceed 80% of that amount.

We call attention to the particular wording of Subsection (16) which would apparently limit the payment of such a salary to only one position as vice-president.

It is our opinion that the Vice-President of A. & M. College may be paid a salary not to exceed 80% of the total salary paid the President from both the General Revenue Fund and the State and local funds of the school, and such salary is not limited to 80% of the amount appropriated as the State's part from General Revenue.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        /s/ Cecil C. Cammack
                    Assistant

CCC:pbp

APPROVED SEPTEMBER 30, 1939

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By: B.W.B. Chairman